In the Matter of Vera Jean McCRANEY, aka Vera Jean McCormick, aka Vera Jean Roberts aka Vera Reamey, Debtor.

George W. LEDFORD, Trustee in Bankruptcy, 15 West National Road, Englewood, Ohio 45322, Plaintiff,

v.

Vera Jean McCRANEY, aka Vera Jean McCormick, aka Vera Jean Roberts aka Vera Reamey, 5013 Coulson Drive, Dayton, Ohio 45418, Defendant.

Bankruptcy No. 3–80–00133.
Adv. No. 3–80–0220.

United States Bankruptcy Court,
S. D. Ohio, W. D.

Jan. 23, 1981.

Walter Evans, Dayton, Ohio, for defendant.

George Ledford, Englewood, Ohio, for trustee/plaintiff.

DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court for disposition of the plaintiff's complaint to deny

**514**

the above debtor her discharge in bankruptcy. The parties did not submit a finalized pretrial order as directed or post-trial memoranda; therefore, the following decision is primarily factual, based upon the evidence adduced at the trial held October 20, 1980 and the record.

The defendant, Vera J. R. McCraney, filed her petition for relief under Chapter 7 of Title 11, United States Code, on January 22, 1980. The Statement of Affairs accompanying the Petition shows that Ms. McCraney has been unemployed and totally disabled for three and one-half (3½) years. At Item 11 of the Statement, she declares that she had made no repayments on outstanding loans within the year immediately preceding the filing of her Petition. Item 14 shows that the debtor had sustained a loss by theft in November, 1979, of property valued at approximately $11,000.00. This loss was covered, in part, by Allstate Insurance Company, and the debtor recouped $7,000.00 of the loss. In her Schedules of Debts and Property, the debtor lists no priority creditors and no creditors holding security; however, she does list $19,822.00 worth of unsecured claims. On October 20, 1980, (the date of the trial herein) the debtor amended her Schedules to include eight additional unsecured creditors with unsecured claims totalling approximately $5,327.00. The debtor's estate contains no real property; she lists personal property valued at $5,400.00, consisting mainly of household goods and furnishings. Ms. McCraney claims her wearing apparel to be exempt to the extent of $300.00 and other personal property to be exempt to the extent of $400.00.

The plaintiff, as trustee, instituted this action on May 13, 1980, to object to the discharge of the debtor. The complaint contains the following allegations:

4. The debtor has committed offenses punishable by imprisonment or a fine as provided under Title 18, United States Code, Section 152, in that the debtor knowingly and fraudulently made a false oath or account in or in relation to her bankruptcy proceedings; and, in contemplation of bankruptcy proceedings by her, or with intent to defeat the bankruptcy law, knowingly and fraudulently transferred or concealed her property.

5. The debtor has:

   (a) Failed to schedule as creditors, Sears Roebuck Co., American Express, Rike's, Dayton Power & Light Co., Shell Oil Company, Ohio Bell Telephone Co., Kline Department Store, Nieman-Marcus Department Store, J. C. Penneys.

   (b) Failed to disclose transfers of property by gifts to family members during the year immediately preceding the filing of the original petition, and stated under oath and penalty of perjury that no transfers were made, when in fact within approximately two weeks preceding the filing of the original petition the debtor made One Thousand Dollar ($1,000.00) gifts to each of her children, to wit: Larry Reamey, Derrick Reamey, and Cheryl Reamey, whose addresses are 1701 Longwood Avenue, Apt. 2, Los Angeles, California 90019, and Two Hundred Dollars ($200.00) to her father, Walter Reamey, 1221 Everton Drive, Apt. 507, Akron, Ohio, 44307.

   (c) Failed to disclose repayments of loans during the year immediately preceding the filing of the original petition and stated under oath and penalty of perjury that no repayments had been made, when in fact within approximately two weeks preceding the filing of the original petition the debtor repaid a One Thousand Dollar ($1,000.00) loan to her father, Walter Reamey.

   (d) Falsified her Schedule B–2 in that her wearing apparel, jewelry, and other personal possessions was stated to have a market value of $300.00, when she had purchased $587.24 worth of clothing from Nieman-Marcus between December 3, 1979, and December 6, 1979.

(e) Failed to disclose a theft loss during the year immediately preceding the filing of the original petition and that the loss was covered by insurance, to-wit: a loss of two rings and other personal property on a bus to Akron, Ohio, on or about October 26, 1979, with an insurance settlement of $2,717.00 with Allstate Insurance Company.

We direct our attention first to item 5.(a) of the complaint. The Court would note that the debtor filed an amendment to Schedule A–3 on October 20, 1980 to include those creditors listed in the complaint. Thus, we find the record supports the allegation that the debtor failed to schedule certain creditors.

The record supports the plaintiff's allegation in paragraph 5.(b) that the defendant transferred approximately $1,000.00 to each of her three children immediately prior to filing her petition with this Court. The defendant testified that these payments were made as reimbursements to the individuals for losses they sustained in the November, 1979, theft which occurred at the defendant's residence. The defendant contends the property transferred was not property of the debtor but was merely a transfer of the children's property back to them. The plaintiff submitted a document titled "REPORT OF ROBBER [sic] for Allstate Insurance Company" dated November 15, 1979 and marked as Plaintiff's Exhibit A. This document represents a list of the property stolen from the defendant's residence in November, 1979 for which she requests reimbursement from Allstate Insurance Company. The document consists mainly of items of clothing; $10,629.41 worth of clothing which is not identified as to ownership; $1,549.14 worth of clothing which is identified as "Daughter's Clothes"; and $217.00 worth of radios and recorders. There is only one item in the entire list which is identified as belonging to the debtor's son; it is a portable radio dated 1977 and valued at $39.00. This document is the only evidence in the record supporting Ms. McCraney's claim that $3,000.00 worth of the property stolen from her residence in fact belonged to her children.

■ Based upon the testimony and the exhibit presented, we find that the allegations of the plaintiff's complaint at paragraph 5.(b) are true. The trustee has shown that the debtor received a substantial amount of cash just prior to filing a petition with this Court and that she then transferred the cash to others. In light of the cavalier response to her duties to file an honest statement of affairs and schedules, and not false and purposefully misleading, we believe the burden at least shifted to the defendant to prove that she was not transferring her own property out of the potential bankruptcy estate. Although we believe the evidence may in part support the defendant's claim that $1,000.00 worth of the large insurance settlement she received from Allstate Insurance Company was reimbursement for her daughter's loss of wearing apparel in the November, 1979, theft loss, we do not believe the evidence in any fashion supports her claim that each of her two sons also lost at least $1,000.00 worth of property in that theft and that the money transferred to them was merely a reimbursement for their own property.

Turning to item 5.(c) of the complaint, we find testimony in the record by the debtor acknowledging the fact that she repaid a loan to her father in the approximate amount of $1,000.00 within two weeks prior to the date she filed in this Court. She testified that she had orally informed the trustee of this fact.

■ The complaint also alleges that the defendant falsified Schedule B–2 by failing to list wearing apparel recently purchased for $587.24. The defendant testified that this purchase from the Nieman-Marcus Department Store was on the account of one of her sons. The Court is convinced that this purchase was probably made for the defendant's son; therefore, we find that the debtor's failure to list items purchased in her Schedule of personal property does not constitute a falsification of that document.

The debtor testified regarding circumstances surrounding the allegations in para-

graph 5.(e) of the complaint. In that paragraph, the trustee alleges that the debtor incurred a theft loss in October, 1979 for which she was reimbursed by Allstate Insurance Company. The debtor admitted to incurring this loss, to valuing the stolen property at $2,717.00 and to receiving reimbursement in the form of a replacement of such property. The debtor did not receive a cash settlement of her claim. We would note that the debtor did not list this theft loss in her Statement of Affairs, nor did she list any personal property in Schedule B–2 amounting to $2,717.00.

The Court has no hesitancy or reservation in this matter determining whether the defendant did all of the above acts with the intent to hinder, defraud or delay her creditors and with the intention to falsify her petition and duties to disclose such matters and property to this Court.

█ Because of the magnitude of the debtor's concealment and transfer of property immediately prior to bankruptcy and the facts she failed to disclose, as well as the amount of personal property she did not list and her failure to disclose the October, 1979, theft loss and accompanying recovery, we find that the defendant committed the acts contained in paragraphs 4., 5.(a), (b), (c) and (e) of the complaint with the intention to falsify her petition to this Court and with the intent to hinder, defraud and delay her creditors.

Accordingly, it is *ORDERED, ADJUDGED AND DECREED* that the defendant, Vera J. R. McCraney, be and is hereby DENIED a discharge in bankruptcy. It is further

*ORDERED, ADJUDGED AND DECREED* that denial of the discharge is a proper disposition of the malfeasance and litigation and the court does not now deem it necessary to refer the matter to the United States Attorney for the Southern District of Ohio for investigation or prosecution pursuant to 18 U.S.C.A. §§ 3057 and 3284.